David C. Powell (SBN 129781)
Email: dpowell@reedsmith.com
Kristine H. Chen (SBN 239925)
Email: kchen@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA  94120-7936

Telephone:	+1 415 543 8700
Facsimile:	+1 415 391 8269

Attorneys for Defendants
Wells Fargo & Company and Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELIX TORRES, JR., individually and on behalf of all similarly situated individuals,<br><br>         Plaintiff,<br><br>    vs.<br><br>WELLS FARGO BANK & COMPANY, WELLS FARGO BANK N.A.; and DOES 1-10, inclusive,<br><br>         Defendants. | Case No. 5:07-cv-05561-JF<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S COMPLAINT**<br><br>[Filed Concurrently with Request for Judicial Notice and [Proposed] Order]<br><br>Hearing Date:   May 16, 2008<br>Time:              9:00 a.m.<br>Place:             Courtroom 3<br>Compl. Filed:  November 1, 2007<br><br>Honorable Jeremy Fogel |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN THAT on May 16, 2008 at 9:00 a.m., or as soon thereafter as the parties may be heard, in Courtroom 3 of the above-entitled Court, located at 280 South 1st Street, San Jose, California, 95113, before the Honorable Jeremy Fogel, United States District Judge, Defendant Wells Fargo Bank, N.A. ("WFB")[1], will and does hereby move, pursuant to Federal Rule of Civil Procedure 12(f), for an order striking portions of Plaintiff's Complaint. In particular, Plaintiff is not an attorney and any reference to him as an attorney should be stricken from his Complaint. Any request for attorneys' fees in his Complaint should similarly be stricken.

The Motion will be based on this Notice of Motion, the Memorandum of Points and Authorities and Request for Judicial Notice in support filed concurrently herewith, the pleadings and papers on file herein, and upon such other and further matters as may be presented at the hearing.

DATED: March 14, 2008.

REED SMITH LLP

By   / s /  Kristine H. Chen
David C. Powell (SBN 129781)
Kristine H. Chen (SBN 239925)
Attorneys for Defendants
Wells Fargo & Company and Wells Fargo Bank, N.A.

---

[1] On or about March 6, 2008, the parties entered into a stipulation dismissing with prejudice Defendant Wells Fargo & Company and striking all class allegations from the Complaint. This Motion is therefore brought on behalf of Defendant Wells Fargo Bank, N.A. only, and does not address Plaintiff's class allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Wells Fargo Bank, N.A. ("WFB") respectfully submits its Memorandum of Points and Authorities in support of its Motion to Strike as follows:

## I. INTRODUCTION

Plaintiff concedes that he is no longer entitled to practice law in the State of California. However, he makes several references to himself as an "attorney" in the Complaint. Further, although he does not have legal representation in this matter, he requests attorneys' fees in litigating this action. Because Plaintiff is <u>not</u> an attorney, and is in effect proceeding in this matter in propria persona, any reference to himself as an attorney, and any request attorneys' fees, should be stricken from the Complaint.

## II. MATERIAL ALLEGATIONS OF THE COMPLAINT

In his Complaint, Plaintiff makes several references to himself as an attorney. First, the attorney information listed at the top of the Complaint's first-page caption reads: "Felix Torres, Jr. Attorney at Law." There is also an accompanying footnote that states Plaintiff is "Not Entitled To Practice Law." Further, also on the first page of the Complaint, Plaintiff alleges that the instant action is being brought on behalf of "PLAINTIFF, by and through his attorneys….," yet there is no attorney information, other than the reference to himself as an "attorney," listed anywhere else in the Complaint. Finally, in the request for relief section at the end of the Complaint, Plaintiff requests attorneys' fees in litigating this action. [*See also* Complaint at ¶ 17(b) (alleging that attorneys' fees are permitted under California Legal Remedies Act)].

## III. LEGAL ARGUMENT

### A. Legal Standard

A party may move to strike "redundant, immaterial, impertinent or scandalous" matter from the complaint. Fed. R. Civ. P. 12(f). Immaterial matter has "no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotations and citation omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter is "irrelevant to the issues in the case and or are otherwise inadmissible."

*Fantasy*, 984 F.2d at 1527. Scandalous matter "reflect[s] cruelly on a person's moral character, use[s] repulsive language, or retract[s] from the dignity of the court." *Skadegaard v. Farrell*, 578 F.Supp. 1209, 1221 (D. N.J. 1984), overruled on other grounds, *Aitchison v. Raffiani*, 708 F.2d 96 (3d Cir. 1983). For instance, a motion to strike is proper to strike relief that is not permitted as a matter of law. *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005); *Gay-Straight Alliance Network v. Visalia Unified Sch. Dist.*, 262 F. Supp. 2d 1088, 1110 (E.D. Cal. 2001). Matter that has no possible bearing on the subject matter of the litigation or that is unduly prejudicial to the moving party can also be stricken. *Platt Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004); *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). The court may take requests for judicial notice in ruling on a motion to strike. *Fantasy*, 984 F.2d at 1528.

**B.  Plaintiff's References To Himself Acting As An Attorney And His Request For Attorneys' Fees Should Be Stricken Because They Are Immaterial, Impertinent, and Scandalous.**

Although Plaintiff makes several references to himself as an attorney in the Complaint, he is, in fact, <u>not</u> an attorney. In or around January 2008, he was disbarred from the California State Bar. [*See* Request for Judicial Notice, Exhibit A]. Therefore, any reference to himself as an attorney is immaterial, impertinent, and scandalous and should be stricken.

Further, Plaintiff's request for attorneys' fees should also be stricken. Because he is in effect appearing in this matter in propria persona, he is not entitled to attorneys' fees. *See*, *e.g.*, *Kravitz v. Sup. Ct.*, 91 Cal. App. 4th 1015, 1017 (2001) (denying attorneys' fees to pro se litigant for prevailing on motion for discovery sanction); *Olsen v. Breeze, Inc.*, 48 Cal. App. 4th 608, 629 (1996) (denying attorneys' fees because plaintiff had not prevailed on claim, but stating that eligibility of pro per litigant of UCL claim is "in doubt"); *Trope v. Katz*, 11 Cal. 4th 274, 292 (1995) (denying attorneys' fees to pro se litigant based on contract attorneys' fee provision). Indeed, "the usual and ordinary meaning of the words 'attorney's fees,' both in legal and in general usage, is the consideration that a litigant actually pays or becomes liable to pay in exchange for legal representation. An attorney

1  litigating in propria persona pays no such compensation." *Trope*, 11 Cal. 4th at 280.  Because
2  plaintiff is litigating this action in propria persona, he is not entitled to attorneys' fees and his request
3  for attorneys' fees in the Complaint should be stricken.

### IV.   CONCLUSION

Based on the foregoing, WFB respectfully requests that this Court grant WFB's motion to strike portions of Plaintiff's Complaint.

DATED:  March 14, 2008.

REED SMITH LLP

By     / s /  Kristine H. Chen
    David C. Powell (SBN 129781)
    Kristine H. Chen (SBN 239925)
    Attorneys for Defendants
    Wells Fargo Bank & Company and Wells Fargo Bank N.A.