David C. Powell (SBN 129781)
Email: dpowell@reedsmith.com
Kristine H. Chen (SBN 239925)
Email: kchen@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:  +1 415 543 8700
Facsimile:  +1 415 391 8269

Attorneys for Defendants Wells Fargo &
Company and Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELIX TORRES, JR., individually and on behalf of all similarly situated individuals,<br><br>    Plaintiff,<br><br> vs.<br><br>WELLS FARGO BANK & COMPANY, WELLS FARGO BANK N.A.; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 5:07-cv-05561-JF<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**<br><br>[Filed concurrently with Notice of Motion and Motion to Strike Portions of Plaintiff's Complaint, Memorandum of Points and Authorities in Support Thereof, and [Proposed] Order]<br><br>Honorable Jeremy Fogel |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that pursuant to Federal Rule of Evidence 201, Defendant Wells Fargo Bank, N.A. ("WFB") hereby requests this Court to take judicial notice of the facts reflected in the following document in support of its Motion to Strike Portions of Plaintiff's Complaint filed and served herewith:

Exhibit A:   State Bar of California Information for Felix Torres Jr., #135480, as of March 14, 2008.

The Court may take judicial notice of matters of public record, such as reports and records of administrative bodies. *United States v. Richie*, 342 F. 3d 903, 909 (9th Cir. 2003); *see, e.g., Castillo-Perez v. INS*, 212 F.3d 518, 526, fn. 11(9th Cir. 2000) (taking judicial notice of counsel's misconduct as reported by state bar); *Lowry v. Levy*, 2000 U.S. Dist. Lexis 19061, at *4-5 (N.D. Cal. Dec. 29, 2000) (stating that court may take judicial notice of attorney's regulation by state bar).

DATED: March 14, 2008.

REED SMITH LLP

By  / s / Kristine H. Chen
David C. Powell (SBN 129781)
Kristine H. Chen (SBN 239925)
Attorneys for Defendants
Wells Fargo & Company and Wells Fargo Bank, N.A.

# EXHIBIT A

# THE STATE BAR OF CALIFORNIA

Friday, March 14, 2008                                                                 State Bar Home

Home > Attorney Search > Attorney Profile

## ATTORNEY SEARCH

### Felix Torres Jr - #135480

**Current Status: Disbarred**

This member is prohibited from practicing law in California by order of the California Supreme Court.

See below for more details.

### Profile Information

| | | | |
|---|---|---|---|
| **Bar Number** | 135480 | | |
| **Address** | Law Ofc Felix Torres Jr<br>PO Box 8065<br>Laguna Hills, CA 92654 | **Phone Number** | (650) 906-1346 |
| | | **Fax Number** | Not Available |
| | | **e-mail** | Not Available |
| **District** | District 8 | **Undergraduate School** | Univ of California Berkeley; Berkeley CA |
| **County** | Orange | **Law School** | UC Berkeley SOL Boalt Hall; Berkeley CA |
| **Sections** | None | | |

### Status History

| Effective Date | Status Change |
|---|---|
| Present | Disbarred |
| 1/19/2008 | Disbarred |
| 9/15/2000 | Not Eligible To Practice Law |
| 3/24/2000 | Active |
| 2/19/1999 | Not Eligible To Practice Law |
| 8/26/1988 | Admitted to The State Bar of California |

Explanation of member status

### Actions Affecting Eligibility to Practice Law

| Effective Date | Description | Case Number | Resulting Status |
|---|---|---|---|

**Disciplinary and Related Actions**

| 1/19/2008 | Disbarment | 03-O-4964 | Disbarred |
| 8/16/2007 | Ordered inactive | 03-O-4964 | Not Eligible To Practice Law |
| 9/15/2000 | Discipline w/actual suspension | 96-O-4035 | Not Eligible To Practice Law |
| 2/19/1999 | Ordered inactive | 96-O-4035 | Not Eligible To Practice Law |

### Administrative Actions

| 9/16/2004 | Suspended, failed to pay Bar membr. fees | | Not Eligible To Practice Law |
| 9/27/1999 | Suspended, failed to pay Bar membr. fees | | Not Eligible To Practice Law |

Copies of official attorney discipline records are available upon request.

Explanation of common actions

### State Bar Court Cases

**NOTE:** The State Bar Court began posting public discipline documents online in 2005. The format and pagination of documents posted on this site may vary from the originals in the case file as a result of their translation from the original format into Word and PDF. Copies of additional related documents in a case are available upon request. Only Opinions designated for publication in the State Bar Court Reporter may be cited or relied on as precedent in State Bar Court proceedings.

| Effective Date | Case Number | Description |
| --- | --- | --- |
| 1/19/2008 | 03-O-04964 | Decision [PDF] [WORD] |

### California Bar Journal Discipline Summaries

Summaries from the California Bar Journal are based on discipline orders but are not the official records. Not all discipline actions have associated CBJ summaries. Copies of official attorney discipline records are available upon request.

**September 14, 2000**

FELIX TORRES JR. [#135480], 50, of Fair Oaks was suspended for five years, stayed, placed on five years of probation with an actual three-year suspension and was ordered to take the MPRE, comply with rule 955 and prove his rehabilitation. The order took effect Sept. 14, 2000.

Torres appealed a State Bar Court hearing judge's recommendation that he be disbarred, and review Judge Kenneth Norian reduced the recommended discipline.

Norian upheld the hearing depart-ment's finding that Torres committed acts of moral turpitude by harassing a client and inflicting emotional distress on her.

Torres represented the client in a medical malpractice case against a plastic surgeon. According to Norian's decision, Torres unintentionally gave her incorrect legal advice and the court awarded the plastic surgeon almost $10,000 in costs.

At about that time, Torres began to receive hang-up phone calls which he believed were being made by his angry client. As a result, he made more than 100 late night phones calls to her, hanging up or leaving an anonymous message.

The client sued Torres for malpractice, harassment, intentional infliction of emotional distress and negligent infliction of emotional distress and won a $308,000 jury verdict. During the trial, Torres falsely asserted that he and the client had a social relationship. Torres has not paid her anything; he is indigent and lives on public and private disability payments.

Norian reversed the hearing judge's findings that Torres advanced facts prejudicial to his client and failed to communicate with her.

However, he said Torres' testimony before the bar court was dishonest and that he harmed his client, displayed indifference and did not appreciate the seriousness of his misconduct.

In mitigation, Torres provided many hours of free legal services to the poor and disadvantaged.

Start New Search >

Contact Us    Site Map    Privacy Policy    Notices    © 2008 The State Bar of California