David C. Powell (SBN 129781)
Email: dpowell@reedsmith.com
Kristine H. Chen (SBN 239925)
Email: kchen@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
Wells Fargo Bank & Company and Wells Fargo Bank N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELIX TORRES, JR., individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK & COMPANY, WELLS FARGO BANK N.A.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:07-cv-05561-JF<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed Concurrently with [Proposed] Order]<br><br>Hearing Date: May 16, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 3<br>Compl. Filed: November 1, 2007<br><br>Honorable Jeremy Fogel |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  NOTICE IS HEREBY GIVEN THAT on May 16, 2008. at 9:00 a.m., or as soon thereafter as

3  the parties may be heard, in Courtroom 3 of the above-entitled Court, located at 280 South 1st Street,

4  San Jose, California, 95113, before the Honorable Jeremy Fogel, United States District Judge,

5  Defendant Wells Fargo Bank, N.A. ("WFB")[1], will and does hereby move, pursuant to Federal Rule

6  of Civil Procedure 12(b)(6), for an order dismissing all claims alleged against WFB in Plaintiff's

7  Complaint for failure to state a claim upon which relief can be granted.

8  The relief requested herein is warranted because: (1) WFB is statutorily permitted to post

9  checks to Plaintiff's bank checking account in any order and thus could not have misled Plaintiff in

10  violation of the Unfair Competition Law (the "UCL"), California Business and Professions Code

11  Section 17500, and the California Legal Remedies Act (the "CLRA") by informing him of this right;

12  (2) Plaintiff's bank checking account is not governed by provisions of the CLRA; and (3) WFB

13  cannot conspire in the absence of a viable underlying claim.

14  The Motion will be based on this Notice of Motion, the Memorandum of Points and

15  Authorities and Request for Judicial Notice in support filed concurrently herewith, the pleadings and

16  papers on file herein, and upon such other and further matters as may be presented at the hearing.

17  DATED:  March 14, 2008.

18  REED SMITH LLP

20  By   / s /  Kristine H. Chen
      David C. Powell (SBN 129781)
21    Kristine H. Chen (SBN 239925)
      Attorneys for Defendants
22    Wells Fargo Bank & Company and Wells Fargo
      Bank N.A.

---

[1] On or about March 6, 2008, the parties entered into a stipulation dismissing with prejudice Defendant Wells Fargo & Company and striking all class allegations from the Complaint. This Motion is therefore brought on behalf of Defendant Wells Fargo Bank, N.A. only, and does not address Plaintiff's class allegations.

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Wells Fargo Bank, N.A. ("WFB") submits its Memorandum of Points and Authorities in support of its Motion to Dismiss as follows:

## I. INTRODUCTION

Although Plaintiff's Complaint is over 20 pages long, Plaintiff's claim against WFB boils down to one primary allegation—that WFB improperly ordered the items debited to his WFB bank checking account such that overdraft and penalty fees were incurred. [*See*, *e.g.*, Complaint at ¶¶ 21-26]. Based on this primary allegation, Plaintiff brings three causes of action against WFB: (1) violation of the California Legal Remedies Act, codified at California Civil Code section 1770 et seq. (the "CLRA") [*See* Complaint at ¶¶ 15-19]; (2) violation of the Unfair Competition Law ("UCL") at California Business and Professions Code section 17500 [Complaint at ¶¶ 33-44]; and (3) Conspiracy. [*See* Complaint at ¶¶ 45-58]. As discussed in detail below, however, Plaintiff's claims against WFB fail as a matter of law. First, WFB is statutorily authorized to order checks *in any order*, and therefore could not have misled Plaintiff in violation of the UCL and CLRA by informing him of this right. Second, a bank checking account is an extension of credit that is not covered by CLRA provisions. Finally, without a viable, underlying cause of action, Plaintiff's conspiracy claim also fails. Because Plaintiff ultimately has not, and indeed cannot, state a claim against WFB based on the facts alleged in the Complaint, all claims against WFB should be dismissed with prejudice.

## II. MATERIAL ALLEGATIONS OF THE COMPLAINT

Plaintiff purportedly holds a bank checking account with WFB. [*See* Complaint at ¶¶ 23-26]. Plaintiff alleges that the WFB Consumer Account Agreement that governs his WFB checking account states that WFB "post[s] debits to the checking account in the order of highest dollar amount to lowest dollar amount." [*Id.* at ¶¶ 21-22]. Based on WFB's policy of ordering checks from "highest dollar amount to lowest dollar amount," Plaintiff alleges that WFB has engaged in a "high-cost hidden unconscionable penalty fees scheme." [*Id.* at ¶¶ 34-35]. In particular, Plaintiff alleges that he has incurred overdraft and returned items fees as a result of WFB's ordering policy. [*See id.* at ¶¶ 22-26].

### III. LEGAL ARGUMENT

**A. Legal Standard**

A party may move to dismiss under Rule 12(b)(6) where the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. Proc. Rule 12(b)(6). In resolving a 12(b)(6) motion, the court must construe the complaint in the light most favorable to plaintiff, accept all well-pleaded factual allegations as true, and determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *See Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal is proper under Rule 12(b)(6) where there is either a "lack of a cognizable theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988).

**B. Plaintiff's UCL And CLRA Claims Fail Because WFB Is Statutorily Permitted To Post Checks To A Customer's Account In Any Order.**

In the Complaint, Plaintiff alleges that WFB violated Section 17500 of the California Business and Professions Code and CLRA provisions by misleading Plaintiff about its ability to order checks posted to his checking account. *See* Complaint at ¶¶ 33-44; Cal. Bus. & Prof. Code § 17500 (stating that it is unlawful to intentionally disseminate untrue or misleading statements to induce the public to enter into an obligation). In particular, Plaintiff alleges that WFB's advertisement stating that the checking account is a "money management account" that "simplif[ies] and meet[s] the account holders bank needs," are untrue and misleading because WFB's check ordering policy is actually a "high-cost hidden unconscionable penalty fees scheme." [Complaint at ¶¶ 34-35]. Plaintiff's UCL claim fails, however, because WFB is statutorily permitted to charge items to a customer's account *in any order*, and therefore could not have misled Plaintiff by informing him of its right to do so. *See* Cal. Com. Code § 4303(b).

California Commercial Code section 4303(b) states that "subject to subdivision (a),[2] items may be accepted, paid, certified, or charged to [an] indicated account of its customer *in any order*" (emphasis added). The California Code Comment following the code section explains that:

---

[2] Subdivision (a) is not relevant here. Section 4303(a) governs charges to the customer's account when the payments are disputed (e.g. determining timeliness of stop payment request). Here,

> It is necessary to give discretion to the payor bank because it is impossible to state a rule that will be fair to the customer in all cases, having in mind the almost infinite number of combinations of large and small checks in relation to the available balance on hand in the drawer's account; the possible method of receipt; and other variables. Further, <u>the drawer has drawn all the checks, the drawer should have funds available to meet all of them and has no basis for urging one should be paid before another</u>….

Cal. Com. Code § 4303(b), Cal. Code Cmt. 1992 Amend. 7 (emphasis added). Plaintiff's claim that WFB improperly informed him that it is permitted to order checks from "highest dollar amount to the lowest dollar amount" is therefore completely baseless. Because WFB is statutorily permitted to post checks in any order, its advertisements cannot be untrue or misleading for this reason.3 Plaintiff has therefore also failed to state a claim against WFB for violation of California Business and Professions Code section 17500 and the CLRA and both claims against WFB should be dismissed with prejudice.

**C.    Plaintiff Also Cannot Establish A CLRA Claim Against WFB Because A Bank Checking Account Is An Extension Of Credit That Is Neither A Good Nor Service Governed By CLRA Provisions.**

Although Plaintiff does not separately denote a cause of action for violation of the CLRA except in the pleading caption, he references the CLRA consistently throughout his Complaint. [*See* Complaint at ¶¶ 15-19, 31-32, 36-37, 51, 56-57]. The CLRA prohibits a long list of "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of <u>*goods or services*</u> to any consumer." Cal.

---

Plaintiff's claim is based on the "order" that checks are posted to his account and not the validity of the debits posted to his account. In any case, as alleged by Plaintiff, the Account Agreement specifically provides that WFB can post the items in any order "unless the laws governing the Account either requires or prohibits a particular order." [Complaint at ¶ 34]. He does not allege WFB violated this provision.

3 In any case, as Plaintiff alleges, the Consumer Account Agreement that governs his checking account specifically states that checks will be posted to his account from "highest dollar amount to the lowest dollar amount." *See* Cal. Com. Code 4103(a) (stating that "parties may determine by agreement the standards by which the bank's responsibility is to be measured …."). Therefore, Plaintiff was previously notified of, and agreed to, WFB's check ordering policy.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Civ. Code § 1770(a) (emphasis added).4  A credit transaction, however, is not covered by the CLRA.  *See Berry v. American Express Publishing, Inc.*, 147 Cal. App. 4th 224, 228 (2007) (affirming dismissal of plaintiff's CLRA claim on demurrer because bank's issuance of credit card is an extension of credit and not "good" or "service" governed by CLRA); *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1359-60 (N.D. Cal. 2007) (following *Berry* and dismissing plaintiff's CLRA claim with prejudice); *Augustine v. FIA Card Servs., N.A.*, 485 F. Supp. 2d 1172, 1175 (E.D. Cal. 2007) (same).  As discussed below, because a bank checking account is an extension of credit, it is not covered by CLRA provisions.  Plaintiff's CLRA claim against WFB therefore fails as a matter of law.

The recent *Berry* decision was one of first impression.  *Berry*, 147 Cal. App. 4th at 229.  In reaching its holding that a credit card account is an extension of credit and not governed by CLRA provisions, the *Berry* court examined the CLRA's statutory language and legislative history.  *Id.* at 229-232.  First, the court reviewed California Civil Code Section 1761(a) that defines "goods" under the CLRA, and stated that "[t]he extension of credit is not a tangible chattel" and, thus, not a "good" under the CLRA.  *Id.* at 229 (noting that credit card itself has no "intrinsic value").  Second, the court reviewed California Civil Code Section 1761 that defines services, and stated that "the CLRA's legislative history . . . does not support the notion that *credit, separate and apart from a specific purchase or lease of a good or service*, is covered under the act."  *Id.* at 230-32 (emphasis added) (pointing out that that terms "money" and "credit" were deleted from enacted provision and thus specifically narrowed the CLRA's scope).  The court therefore held that an extension of credit was neither a "good" nor "service" under the CLRA, and thus could not be the basis for a CLRA claim.  *Id.* at 233; *see Van Slyke*, 503 F. Supp. 2d at 1359-60; *Augustine*, 485 F. Supp. 2d at 1175.

Here, Plaintiff's entire CLRA claim is similarly based on an extension of credit.  A checking account relationship is viewed as one of a debtor and creditor, where the bank is a debtor of the

---

4 In particular, Plaintiff cites to the following subdivisions of California Civil Code Section 1770 in his Complaint: "(13) [m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions;" "(14) [r]epresenting that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;" "(19) [i]nserting an unconscionable provision in the contract." [*See* Complaint at ¶ 15].

customer. *See Bernard v. Sheaffer (In re Bernard)*, 96 F.3d 1279, 1282-83 (9th Cir. 1996) (stating "[i]t is well-settled principle of California law that the relationship between a bank and its depositor is one of debtor and creditor" (quoting *Crocker-Citizens Nat.'l Bank v. Control Metals Corp.*, 566 F.2d 631, 637 (9th Cir. 1977) (overruled on other grounds))); *accord Parker v. Community First Bank (In re Bakersfield Westar Ambulance)*, 123 F.3d 1243, 1246 (9th Cir. 1997); *Campos v. Wells Fargo Bank, N.A.*, 345 B.R. 678, 683 (E.D. Cal. 2005).  When a customer deposits money into his bank checking account, the "money becomes the property of the bank and the bank becomes the debtor of the depositor for the amount deposited." *Chang v. Redding Bank of Commerce*, 29 Cal. App. 4th 673, 681 (1994) (citing *Morse v. Crocker Nat'l Bank*, 142 Cal. App. 3d 228, 232 (1983). In other words, the checking account is an extension of credit from the customer to the bank. *See Barnhill v. Johnson*, 503 U.S. 393, 398 (1992) (stating that "person with an account at a bank enjoys a claim against the bank for funds in an amount equal to the account balance"). As such, Plaintiff's checking account with WFB cannot be a "good" or "service" governed by CLRA provisions. Plaintiff's CLRA claim against WFB therefore fails as a matter of law and should be dismissed with prejudice.

Further, because Plaintiff's checking account is not a "good" or "service" governed by CLRA provisions, to the extent Plaintiff's UCL claim is predicated on violations of the CLRA, the UCL claim must fail for this reason also. [*See* Complaint at ¶¶ 33-44 (citing to CLRA provisions in support of UCL claim)].

**D.   Plaintiff's Conspiracy Claim Fails Because Plaintiff Cannot State A Claim Against WFB For Violation Of The UCL Or CLRA.**

In his Complaint, Plaintiff also brings a claim against WFB for conspiracy. [*See* Complaint at ¶¶ 45-58]. More specifically, Plaintiff alleges that WFB's employees and agents, acting in the course of their employment, "conspired to conduct the unlawful business practice" of improperly ordering checks. [*See id.* at ¶¶ 46, 48-49]. Plaintiff cannot state a claim for conspiracy against WFB however because first, there is no viable underlying cause of action against WFB to sustain a claim for conspiracy; and second, WFB is unable to conspire with its employees or agents as a matter of law.

Case No. 5:07-cv-05561-JF – 7 – DOCSSFO-12508116.3-KJCHEN
DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF

First, conspiracy, standing alone, is not actionable. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994) (stating that "[c]onspiracy is not a cause of action, but a legal doctrine…."). This means that without an underlying claim, there can be no claim for conspiracy. *See id.* (stating that conspiracy must be "activated by the commission of an actual tort"); *see*, *e.g.*, *Willis v. City of LA*, 57 Fed. Appx. 283, 287 (9th Cir. 2002) (affirming dismissal of plaintiff's conspiracy claims because defendants were not be liable for any underlying causes of action); *Entm't Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1228 (9th Cir. 1997) (same). Because Plaintiff cannot state a viable cause of action against WFB for the reasons explained above, his claim for conspiracy against WFB must fail.

In any case, WFB is incapable of conspiring with its employees and agents who are acting in the course of their employment. In his Complaint, Plaintiff alleges that WFB and its employees and agents conspired to violate the CLRA and UCL "in and during the course of the[ir] employment." [*See* Complaint at ¶ 49]. However, a corporate entity "cannot conspire with itself any more than a private individual can [because] … it is a general rule that the acts of the agent are the acts of the corporation…." *Black v. Bank of Am.*, 30 Cal. App. 4th 1, 6 (1994) (affirming dismissal with prejudice of conspiracy claim against bank employees who were acting within course of their employment because "there is no entity apart from the employee with whom the employee can conspire"); *Icasiano v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187, 1192 (N.D. Cal. 2000) (dismissing plaintiff's claim for conspiracy with prejudice because employer cannot conspire with employer as matter of law). As a result, because Plaintiff alleges that WFB conspired with its employees and agents in the course of their employment with WFB, his conspiracy claim fails for this reason also, and should be dismissed with prejudice.

///
///
///
///
///
///

## IV. CONCLUSION

Based on the foregoing, WFB respectfully requests that this Court dismiss with prejudice Plaintiff's causes of action against WFB.

DATED: March 14, 2008.

REED SMITH LLP

By  / s / Kristine H. Chen
David C. Powell (SBN 129781)
Kristine H. Chen (SBN 239925)
Attorneys for Defendants
Wells Fargo Bank & Company and Wells Fargo Bank N.A.