FELIX TORRES, JR.
P.O. BOX 8065
LAGUNA HILLS, CA 92654
TELEPHONE: 650-906-1346
Email: boalt77@yahoo.com

FILED
2008 APR 24 P 3:11
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| FELIX TORRES, JR., Individually and on behalf of all Similarly Situated Individuals<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO & COMPANY; WELLS FARGO BANK N.A.; and DOES 1-10, Inclusive,<br><br>Defendants | Case No.07-05561 JF<br><br>PLAINTIFF FELIX TORRES, JR.'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT and **WAIVER OF ORAL ARUGUMENT.**<br><br>Complaint filed: 11/01/2007 |

PLAINTIFF, Felix Torres, Jr. hereby moves the Court to deny Defendant's motion to dismiss Plaintiffs complaint for failure to state a cause of action.

### DEFENDANT'S ARGUMENT

According to defendant WFB Plaintiff doesn't state a cause of action because (1) the defendant WFB can post checks in any order it wishes especially in an order to artificially create an "overdraft balance" resulting in self created fees to

1 increase profit margin; (2) the deposits by a customer of defendant WFB is
2 extending credit to WFB and thus is not a good or service (i.e. the deposit) and (3)
3 no conspiracy can exist if no wrong has been committed.
4     Well the defendant WFB has it right as to its third argument excepting that
5 creating artificial "overdrafts" resulting in overdraft fees for purposes of profit
6 margin in not only unconscionable but illegal. No legislature, including California
7 would give banks by statutory law i.e. California Comm. Code 4303(b) the ability
8 to conduct such illegal and unconscious acts in the name of the legislature.
9     First, the defendant WFB argues though out its pleading that Plaintiff "agreed"
10 to the scheme. Not true, if it was then why does the defendant WFB find it's self
11 in Federal Court if Plaintiff agreed? Defendant cites no written agreement or
12 customer written authorization to such an agreement. Why, because the
13 accounting principal used by defendant WFB are clauses of adhesion and Plaintiff
14 did not have the opportunity to negotiate these clauses and they are not sufficiently
15 bilateral in nature i.e. contract of adhesion, a standardized contract drafted by the
16 stronger party and presented to the weaker party on a take it or leave it basis. It is
17 undisputed that plaintiff (1) received the agreement through the mail, the terms
18 were never explained to him, and he was never told that the agreement was
19 optional or negotiable; and (2) that plaintiff reasonably expected that he was
20 required to sign the contract as a condition of checking account services by

1  corporate defendant. The contract or provision, even if consistent with the

2  reasonable expectations of the parties, should be denied enforcement, because

3  considered in its context, it is unduly oppressive or unconscionable. The defendant

4  WFB uses this type of accounting principles for no other purpose then to cheat

5  large numbers of consumers out of individually small amounts of money.

6      Secondly, California Commercial Code 4303(b) should be read in light of

7  4304(a) e.g. determining timeliness of stop payment request. Which would mean

8  that "in any order" referenced in 4303(b) refers to stop payment requests.

9      Next, defendant WFB boldly asserts that deposits are really lines of credit and

10  thus are not goods or services under CLRA. This case is not about a credit card it's

11  about a deposit of monies and checks drawn against that deposit by way of a

12  service provided by defendant WFB. Case after case cited by defendant WFB

13  talks about cases involving credit cards disputes and one bankruptcy case. From

14  that analysis the defendant then proceeds to label the deposit an extension of credit

15  by the depositor to the bank citing no cases for that bold proposition.

16      For the sake of argument, let's assume that to be a correct statement, then it

17  would follow that the depositor (the plaintiff) is not covered by the CLRA.

18      Yet, what about the debtor of the depositor i.e. the defendant WFB? What

19  about a debtor who states that his obligation to the depositor of this so-called

20  extension of credit is to provide a service of paying off the depositor's money

1   obligations i.e. checks drawn on the account or debits against the account incurred
2   by the depositor via third parties. Is this not a commercial service? If it is then the
3   CLRA applies to defendant WFB.
4       At all times relevant to this complaint, WFB has promoted its checking account
5   services through marketing campaigns that tout the company's relationship account
6   designed to simplify the customers finances and help save their money. Wells
7   Fargo's top of the line package include free checks, competitive interest rates, no
8   WFC access fee for ATM transactions, monthly service fee waiver for direct
9   deposit. A qualifying "Direct Deposit" is a Direct Deposit of your salary, pension,
10  Social Security or other regular monthly income of $100 or more electronically
11  deposited to your account. Direct Deposits must be made by an employer or an
12  outside agency. Overdraft fees and returned items fees are charged for every
13  transaction when debits to the account exceed the credits.
14      Finally, there is a conspiracy because there is a violation of UCL and CLRA
15  because, setting aside defendant's creative legal analysis, it flies in the face of
16  common sense and public policy.
17      Plaintiff alleges that the clauses in the Consumer Account Agreement which
18  purports to give the defendants (1) the right to post items presented against the
19  Account in any order the bank chooses. For example, the Bank may, if it chooses
20  post items in the order of the highest dollar amount to the lowest dollar amount; (2)

1 | that the Bank may change the order of posting items to the Account at any time
2 | without notice are both procedurally and substantively unconscionable.

### CONCLUSION

Defendant WFB should not be allowed to avoid the consequences of its illegal actions under the guise that it has the power to increase profit margin by creative accounting principles and then represent that it does so via the rule of statutory law. Instead, the court should questions the motives of defendant WFB in the use of accounting principles that if not criminal in nature, are against public policy as a matter of law.

The court should note that Plaintiff will forgo his right to oral argument of his Opposition on May 16, 2008 and submits the matter on the pleadings.

DATED: APRIL 22, 2008

_____