```
FELIX TORRES, JR.
P.O. BOX 8065
LAGUNA HILLS, CA 92654
TELEPHONE: 650-906-1346
Email: boalt77@yahoo.com
```

FILED
2008 APR 24 P 3 12
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| FELIX TORRES, JR., Individually and on behalf of all Similarly Situated Individuals<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO & COMPANY; WELLS FARGO BANK N.A.; and DOES 1-10, Inclusive,<br><br>Defendants | Case No.07-05561 JF<br><br>PLAINTIFF FELIX TORRES, JR.'S OPPOSITION TO DEFENDANTS MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S COMPLAINT and **WAIVER OF ORAL ARUGUMENT.**<br><br>Complaint filed: 11/01/2007 |

PLAINTIFF, Felix Torres, Jr. hereby moves the Court to deny Defendant's motion to strike Plaintiffs request for attorney fees. Plaintiff stipulates to the striking of "attorney" in his complaint.

**STIPULATION RE STRIKING "ATTORNEY" FROM COMPLAINT**

Had defense counsel requested of Plaintiff he would have stipulated to the striking of the phrase "attorney" from his complaint. It was Plaintiff who

1  recommended striking the class allegations in his complaint when requested to
2  stipulate to striking Wellsfargo & Company as a party defendant by defense
3  counsel.

4  The phrase "attorney" as it refers to Plaintiff has no bearing on defendant's
5  misconduct in this case.  Plaintiff so stipulates to the striking of this phrase in his
6  complaint.  At the time of filing of the complaint Plaintiff was a member of the
7  State Bar of California.  Subsequently, Plaintiff was disbarred from this mandatory
8  union in December 16, 2007.[1]

## THE STRIKING ATTORNEY FEES REQUEST

10  In Kay *v. Ehrler*, 499 U.S. 432 (1991). a pro se attorney-plaintiff sought
11  attorney's fees under § 1988 for the successful prosecution of a civil rights claim.
12  It was undisputed that "a *pro se* litigant who is *not* a lawyer is *not* entitled to
13  attorney's fees," and the question therefore was whether an attorney who
14  represents himself should be treated differently. *Id.* at 435. The Court turned to the
15  purpose of the statute, and found that "the overriding statutory concern" of § 1988
16  was to promote "independent counsel for victims of civil rights violations." *Id.* at
17  437 and refused to allow attorney fees for attorney/plaintiffs.

---

[1] The disbarment was the result of Plaintiff's 1st amendment legal activities against the Bar and its supporters, i.e. www.myspace.com/calbarblog which is now a Federal Case (NDCA  C08-80066 JW)

1  Since Plaintiff is not an attorney is not entitled to attorney fees for his self

2  representation.

3  In *Missouri v. Jenkins*, 491 U.S. 274 (1989), the Supreme Court held that a

4  "'reasonable attorney's fee' provided for by statute should compensate the work of

5  paralegals, as well as that of attorneys." *Id.* at 285. The Court reasoned, "clearly, a

6  "reasonable attorney's fee" cannot have been meant to compensate only work

7  performed personally by members of the bar. Rather, the term must refer to a

8  reasonable fee for the work product of an attorney. Thus, the fee must take into

9  account the work not only of attorneys, but also of secretaries, messengers,

10 librarians, janitors, and others whose labor contributes to work product for which

11 an attorney bills her client; and it must also take account of other expenses and

12 profit." *Id.* The key, wrote the Court, is the billing custom in the "relevant market."

13 *Id.* at 288. Thus, fees for work performed by non-attorneys such as paralegals may

14 be billed separately, at market rates, if this is "the prevailing practice in a given

15 community." *Id.* at 287.  Indeed, even purely clerical or secretarial work is

16 compensable if it is customary to bill such work separately, *id.* At 287 n.9, though

17 such tasks "should not be billed at the paralegal rate, regardless of who performs

18 them." *Id.* at 288 n.10.

19 In representing himself, Plaintiff should be able to seek the assistance of

20 paralegals, secretaries, messengers, librarians, and others whose labor contributes

1 to his work product. In addition, Plaintiff has attempted to secure legal counsel
2 and will continue to do so. Should he secure legal counsel then he would be
3 entitled to attorney fees should he prevail.

## CONCLUSION

The court should strike per stipulation of the parties the phrase "attorney" from Plaintiff's complaint and allow the request for attorney fees in case Plaintiff secures legal counsel and/or seeks the assistance of attorneys, paralegals, secretaries, messengers, librarians.

Finally, Plaintiff waives his right to oral argument and appearance on this matter.

DATE: APRIL 21, 2008

_[signature]_