David C. Powell (SBN 129781)
Email: dpowell@reedsmith.com
Kristine H. Chen (SBN 239925)
Email: kchen@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Defendants
Wells Fargo Bank & Company, Wells Fargo
Bank N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELIX TORRES, JR., Individually and on behalf of all Similarly Situated Individuals,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY; WELLS FARGO BANK N.A.; AND DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 5:07-cv-05561-JF<br><br>Compl. Filed:   November 1, 2007<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S COMPLAINT**<br><br>Hearing Date:   May 16, 2008<br>Time:   9:00 a.m.<br>Place:   Courtroom 3<br>Compl. Filed:   November 1, 2007<br><br>Honorable Jeremy Fogel |

## I. INTRODUCTION

In his Opposition, Plaintiff concedes that he is not entitled to attorneys' fees as a "pro se litigant." [Opposition at p. 2]. Nevertheless, he attempts to revive his claim for attorneys' fees by citing case law inapplicable to the case at bar. As set forth in Wells Fargo Bank, N.A.'s ("WFB") Motion to Strike ("Motion"), because Plaintiff is proceeding in this action in propria persona, any reference to himself as an attorney[1] and any request for attorneys' fees should stricken from the Complaint.

## II. LEGAL ANALYSIS

In his Opposition, after conceding that he is an in propia persona litigant and therefore not entitled to attorneys' fees, Plaintiff resorts to citing case law inapplicable to this case. In particular, Plaintiff claims that his request for attorneys' fees is valid because "[i]n representing himself, Plaintiff should be able to seek the assistance of paralegals, secretaries, messengers, librarians, and others whose labor contributes to *his* work product" because work that contributes to the "work product of an attorney" is recoverable. [Opposition at pp. 3-4 (emphasis added)]. However, Plaintiff argument fails because Plaintiff is not an attorney, and therefore any assistance he seeks from non-attorneys does not contribute to *his* "attorney work product."[2] *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) (stating that non-attorney work can be compensated when it "contributes to work product for which an attorney bills her client"). As discussed in WFB's Motion, because Plaintiff is litigating this action in propria persona, he is not entitled to attorneys' fees and his request for attorneys' fees in the Complaint should be stricken.

---

[1] In his Opposition and accompanying Declaration, Plaintiff stipulates to striking any references to himself as an "attorney" in the Complaint. [*See* Declaration at ¶ 2]. WFB therefore will not rehash this issue in its reply brief.

[2] In the Declaration accompanying his Opposition, Plaintiff also asserts that he intends to seek the advise and counsel of his son, Felix A. Torres, who is a member of the California State Bar. [Declaration at ¶ 5]. However, as of the date of filing this reply brief, there was no listing on the California State Bar website for an attorney by that name.

REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE

DOCSSFO-12513256.1

### III. CONCLUSION

Based on the foregoing and WFB's Motion, WFB respectfully requests that this Court grant WFB's Motion to Strike.

DATED: May 1, 2008

REED SMITH LLP

By _____
David C. Powell
Kristine H. Chen
Attorneys for Defendants
Wells Fargo & Company and Wells Fargo Bank, N.A.

# CERTIFICATE OF SERVICE

<u>Felix Torres, Jr. v. Wells Fargo & Co., et al.</u>
US District Court for Northern California Case No. 5:07-cv-05561-JF

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On May 1, 2008, I served the following document(s) by the method indicated below:

**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

☐ by transmitting via facsimile on this date from fax number +1 415 391 8269 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☒ by transmitting via email to the parties at the email addresses listed below:

Felix Torres, Jr.
P.O. Box 8065
Laguna Hills, CA 92654
Email: boalt77@yahoo.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 1, 2008, at San Francisco, California.

*Corinne Cadon*
_____
Corinne Cadon

Certificate of Service