David C. Powell (SBN 129781)
Email: dpowell@reedsmith.com
Kristine H. Chen (SBN 239925)
Email: kchen@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Defendants
Wells Fargo Bank & Company, Wells Fargo
Bank N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FELIX TORRES, JR., Individually and on behalf of all Similarly Situated Individuals,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY; WELLS FARGO BANK N.A.; AND DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 5:07-cv-05561-JF<br><br>Compl. Filed:   November 1, 2007<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Hearing Date:   May 16, 2008<br>Time:   9:00 a.m.<br>Place:   Courtroom 3<br>Compl. Filed:   November 1, 2007<br><br>Honorable Jeremy Fogel |

## I. INTRODUCTION

In his Opposition, Plaintiff fails to refute the arguments set forth by Defendant Wells Fargo Bank, N.A.'s ("WFB") in its Motion To Dismiss Plaintiff's Complaint ("Motion"). Instead, in a final attempt to resuscitate his claims, Plaintiff manufactures convenient propositions that are unsupported by the law. As discussed in WFB's Motion, Plaintiff's claims against WFB fail because: (1) California Commercial Code section 4303(b) permits checks to be posted *in any order* a bank chooses and therefore WFB did not violate Section 17500 of the California Business and Professions Code ("UCL") and the California Legal Remedies Act ("CLRA") by informing Plaintiff of this right; (2) a bank checking account is an extension of credit and therefore not governed by provisions of the CLRA; and (3) conspiracy cannot occur between an employer and its employees, or in the absence of a viable, underlying claim. For these reasons, Plaintiff's claims against WFB fail and should be dismissed with prejudice.

## II. LEGAL ARGUMENT

**A.   Plaintiff Does Not Refute The Clear Statutory Authority Of California Commercial Code Section 4303(b) That Permits The Posting Of Checks In Any Order.**

In his Opposition, Plaintiff contends that California Commercial Code Section 4303(b) does not apply because it is subject to "determining the timeliness of stop payment request[s]. Which would mean that 'in any order' referenced in 4303(b) refers to stop payment request[s]." [Opposition at p. 3]. This argument is completely meritless because as noted in WFB's Motion, Plaintiff's Complaint is based on the order that checks are posted to his account, not the validity of stop payment requests to his account. Further, even if as Plaintiff argues, stop payment requests could be applied to his account "in any order," it would not preclude WFB's right to post *checks* "in any order." Indeed, California Commercial Code Section 4303(b) clearly states that "*items* may be accepted … *in any order*," and the accompanying California Code Comment states that the payor bank has discretion in ordering *checks*. Cal. Comm'l Code § 4303(b) (emphasis added); Cal. Code Cmt. 1992 Amend. 7 (emphasis added). Therefore, as discussed in WFB's Motion, because WFB is given discretion to post checks in any order, WFB did not violate the UCL or CLRA by informing

Plaintiff of its right to do so. As such, Plaintiff's claims against WFB fail and should be dismissed with prejudice.

**B.    Plaintiff Fails To Establish That The CLRA Applies To This Case.**

Plaintiff also contends that CLRA provisions apply because his claim relates to a "commercial service." [Opposition at p. 4]. However, Plaintiff fails to cite any law in support of this proposition, but rather posits rhetorical questions in support of its validity. [*Id.* ("Yet, what about the debtor of the depositor, i.e. the defendant WFB? ... "Is this not a commercial service?"). As set forth in WFB's Motion, CLRA provisions do not apply to a bank checking account because it is an extension of credit. First, the checking account at issue is an extension of credit because the relationship between a checking account depositor and his bank is one of a debtor to creditor. *See Bernard v. Sheaffer (In re Bernard)*, 96 F.3d 1279, 1282-83 (9th Cir. 1996) (stating "[i]t is well-settled principle of California law that the relationship between a bank and its depositor is one of debtor and creditor"). Second, an extension of credit is not a good or service under the CLRA and thus not governed by CLRA provisions as a matter law. *See Berry v. American Express Publishing, Inc.*, 147 Cal. App. 4th 224, 228 (2007) (affirming dismissal of plaintiff's CLRA claim on demurrer because bank's issuance of credit card is an extension of credit). Because Plaintiff's claim is based on his bank checking account, it is not governed by CLRA provisions and should be dismissed with prejudice.

**C.    Plaintiff Fails To Resuscitate His Conspiracy Claim.**

In his Opposition, Plaintiff states a conspiracy claim exists because there was a violation of the UCL and CLRA. However, as discussed above and in WFB's Motion, Plaintiff's UCL and CLRA claims both fail and therefore he does not have a viable conspiracy claim. *See, e.g., Willis v. City of LA*, 57 Fed. Appx. 283, 287 (9th Cir. 2002) (affirming dismissal of plaintiff's conspiracy claims because defendants were not be liable for any underlying causes of action). Further, Plaintiff's completely ignores WFB's contention that his conspiracy claim also fails because an employer is incapable of conspiring with its employees as a matter of law. *See Icasiano v. Allstate*

*Ins. Co.*, 103 F. Supp. 2d 1187, 1192 (N.D. Cal. 2002) (dismissing plaintiff's claim for conspiracy with prejudice because employer cannot conspire with employer as matter of law"). As such, Plaintiff's conspiracy claim fails as a matter of law and should be dismissed with prejudice.

### III.   CONCLUSION

Based on the foregoing and WFB's Motion, WFB respectfully requests that this Court dismiss with prejudice Plaintiff's Complaint against WFB.

DATED: May 1, 2008                REED SMITH LLP

By _____
David C. Powell
Kristine H. Chen
Attorneys for Defendants
Wells Fargo & Company and Wells
Fargo Bank, N.A.

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

# CERTIFICATE OF SERVICE

<u>Felix Torres, Jr. v. Wells Fargo & Co., et al.</u>
US District Court for Northern California Case No. 5:07-cv-05561-JF

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On May 1, 2008, I served the following document(s) by the method indicated below:

**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S COMPLAINT**

☐ by transmitting via facsimile on this date from fax number +1 415 391 8269 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☒ by transmitting via email to the parties at the email addresses listed below:

Felix Torres, Jr.
P.O. Box 8065
Laguna Hills, CA 92654
Email: boalt77@yahoo.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 1, 2008, at San Francisco, California.

_____
Corinne Cadon

Certificate of Service