**E-Filed 6/11/2008**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FELIX TORRES, JR., Individually and on behalf of all Similarly Situated Individuals | Case Number C 07-5561 |
| Plaintiff, | ORDER[1] GRANTING MOTION TO DISMISS AND MOTION TO STRIKE |
| v. | |
| WELLS FARGO; WELLS FARGO BANK N.A.; and DOES 1-10, inclusive, | |
| Defendants. | |

## I.  BACKGROUND

Plaintiff, Felix Torres Jr. ("Torres") brings this action against Wells Fargo Bank & Company and Wells Fargo Bank N.A. (collectively, "Wells Fargo") for violations of the California Legal Remedies Act ("CLRA") and the Unfair Competition Law ("UCL").  Torres alleges that Wells Fargo improperly ordered certain items debited to his Wells Fargo checking account, causing him to incur overdraft and penalty fees.

---

[1] This disposition is not designated for publication and may not be cited.

1    The Complaint contains the following allegations.  Torres maintains a checking account

2    with Wells Fargo.  The Consumer Account Agreement that governs this account states that Wells

3    Fargo "post[s] debits to the checking account in the order of highest dollar amount to lowest

4    dollar amount."  Complaint ¶¶ 21-22.  Based on this policy, Torres alleges that Wells Fargo has

5    engaged in a "high cost hidden unconscionable penalty fees scheme."  *Id*. at ¶¶ 34-35.  Torres

6    also alleges that he has incurred overdraft and returned item fees as a result of this policy.  In

7    addition to his claims for violation of the CLRA and UCL, Torres also alleges a conspiracy

8    between Wells Fargo and its employees and agents.

9        Wells Fargo moves to dismiss the complaint and to strike allegations in which Torres

10   refers to himself as an attorney and requests attorney's fees.  Torres does not oppose the motion

11   to strike the allegations in which her refers to himself as an attorney, but he does oppose the

12   remainder of that motion as well as the motion to dismiss.

13                                    **II.  LEGAL STANDARD**

14       For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the

15   Court must construe the complaint in the light most favorable to the plaintiff.  *Jenkins v.*

16   *McKeithen*, 395 U.S. 411, 421 (1969).  Leave to amend must be granted unless it is clear that the

17   complaint's deficiencies cannot be cured by amendment.  *Lucas v. Department of Corrections*,

18   66 F.3d 245, 248 (9th Cir. 1995).  When amendment would be futile, however, dismissal may be

19   ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

20       The Court may strike "from any pleading any insufficient defense or any redundant,

21   immaterial, impertinent, or scandalous matter."  Fed.R.Civ.P. 12(f).  Motions to strike generally

22   will not be granted unless it is clear that the matter to be stricken could not have any possible

23   bearing on the subject matter of the litigation.  *LeDuc v. Kentucky Central Life Insurance Co.*,

24   814 F. Supp. 820, 830 (N.D. Cal. 1992).  Allegations "supplying background or historical

25   material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to

26   defendant."  *Id*.  Moreover, allegations that contribute to a full understanding of the complaint as

27   a whole need not be stricken.  *Id*.

28

Case No. C 07-5561
ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE
(JFLC1)

# III.  DISCUSSION

1.  **CLRA and UCL Claims**

Torres's CLRA and UCL claims are brought pursuant to Cal. Bus. & Prof. Code § 17500, which makes it unlawful to intentionally disseminate untrue or misleading statements to induce the public to enter into an obligation.  Torres alleges that Wells Fargo has violated this provision by misleading him about its ability to order checks posted to his account.  Specifically, Torres alleges that Wells Fargo's advertisement stating that a checking account is a "money management account" that "simplif[ies] and meet[s] the account holders bank needs," is false and misleading because Wells Fargo's check ordering policy is a "high-cost hidden unconscionable penalty fees scheme."  Complaint ¶¶ 34-35.

As noted above, the Consumer Account Agreement states expressly that checks will be posted to the customer's account from "highest dollar amount to the lowest dollar amount." Banks are permitted by statute to adopt such policies.  Under California Commercial Code § 4303(b), "[s]ubject to subsection (a), items may be accepted, paid, certified, or changed to the indicated account of its customer in any order."  Torres argues that this provision does not apply here because it refers to the bank's ability to make stop payment requests.  Torres misreads the statute.  While subsection (b) is subject to subsection (a), which does govern the bank's duty to honor a stop payment request, it also allows banks to determine freely the order in which items are accepted, paid, certified or charged if no stop payment request has been made.  The comment accompanying subsection (a) explains:

> It is necessary to give discretion to the payor bank because it is impossible to state a rule that will be fair to the customer in all cases, having in mind the almost infinite number of comminations of large and small checks in relation to the available balance of large and small checks in relation to the available balance on hand in the drawer's account; the possible method of receipt; and other variables. Further, the drawer has drawn all the checks, the drawer should have funds available to meet all of them and *has no basis for urging one should be paid before another* . . . .

Cal Com. Code § 4303(b), Cal Code Cmt. 1992 Amend. 7 (emphasis added).  Wells Fargo's practice, which was disclosed fully to Torres in the Consumer Account Agreement, thus constitutes a legally permissible approach to managing Torres's account.  Accordingly, the UCL

3

1    and CLRA claims will be dismissed.

2    **2.    Conspiracy Claim**

3        Standing alone, a conspiracy allegation is not actionable.  *See Applied Equip. Corp. v.*

4    *Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994) ("Conspiracy is not a cause of action, but a

5    legal doctrine . . . .").  Because Torres has not stated a viable claim under the UCL and CLRA, he

6    has no basis for his conspiracy claim.  Additionally, Torres may not maintain a claim based upon

7    an alleged conspiracy between Wells Fargo and its agents and employees because a corporate

8    entity "cannot conspire with itself any more that a private individual can.  It is a general rule that

9    the acts of the agent are the acts of the corporation . . . ."  *Black v. Bank of Am.*, 30 Cal. App. 4th

10   1, 6 (Cal Ct. App.  1st Dist. 1994); *see also Icasinao v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187,

11   1192 (N.D. Cal. 2000).  Accordingly, the conspiracy claim also will be dismissed.

12   **3.    Motion to Strike**

13       Wells Fargo seeks to strike allegations in which Torres refers to himself as an attorney

14   and seeks attorney's fees because it is undisputed that Torres is not an attorney.  Torres concedes

15   that he is not an attorney[2] but nonetheless asserts that his request for attorney's fees is valid

16   because he intends to seek the assistance of paralegals, secretaries, messengers, librarians, and

17   others whose labor will contribute to his work product.  A *pro se* litigant who is not a lawyer is

18   not entitled to attorney's fees.  *Gonzalez v. Kangas*, 814 F.2d 1411 (9th Cir. 1987).  Where

19   others, such as paralegal, secretaries, messengers, or librarians, assist in the production of an

20   *attorney's* work product, the Court must take into account the expenses involved in those efforts.

21   *See Missouri v. Jenkins*, 491 U.S. 274 (1989).   However, because Torres is not an attorney, any

22   such assistance provided to him would not constitute a contribution to an attorney's work

23   product.  Accordingly, the motion to strike will be granted.

24                              **IV.  ORDER**

25       Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss

26   and the motion to strike are GRANTED.  Although it appears unlikely that Torres can cure the

27   _____

28       [2] Torres states that he was disbarred on December 16, 2007.

4

1  defects in his Complaint by amendment, leave to amend will be granted in light of Torres's pro

2  se status.  Any amended complaint must be filed within twenty (20) days of the date of this order.

3

4  DATED: June 11, 2008

5

6  _____

7  JEREMY FOGEL
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1   This Order has been served upon the following persons:

2

3   Felix Torres, Jr.
    P.O. Box 8065
    LaGunda Hills, CA 92654

4

5   Kristine Huajean Chen
    Two Embarcadero Center
    Suite 2000
6   San Francisco, CA 94111

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-5561
ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE
(JFLC1)